UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON HAWTHORNE,

        Petitioner,

v.                                   CASE NO. 07-14613
                                  HONORABLE GERALD E. ROSEN

L.C. EICHENLAUB,

        Respondent.
_____/

## ORDER DISMISSING HABEAS CORPUS PETITION

**I. Background**

      Petitioner Jason Hawthorne has filed a *pro se* application for the writ of habeas corpus under 28 U.S.C. § 2241. Petitioner was convicted in this District of being a felon in possession of a firearm. *See* 18 U.S.C. § 922(g)(1). On September 8, 2005, United States District Judge Robert H. Cleland sentenced Petitioner to fifty-two months in prison and three years of supervised release. *See United States v. Hawthorne*, No. 01-cr-80935 (E.D. Mich. Sept. 8, 2005). Petitioner filed his habeas petition on October 29, 2007, while incarcerated at the Federal Correctional Institution in Milan, Michigan. He alleges that the Federal Bureau of Prisons ("the Bureau of Prisons" or "the Bureau") has failed to apply the factors set forth in 18 U.S.C. § 3621(b) when considering whether to place him in a community corrections center (CCC) or half-way house. Petitioner further alleges that sections 570.20 and 570.21 of Title 28 of the Code of Federal Regulations, are invalid and should not be used to determine eligibility for placement in a CCC. He seeks to have the Bureau of Prisons immediately consider him for placement in a CCC without regard to 28 C.F.R. §§ 570.20 and 570.21.

Respondent L. C. Eichenlaub urges the Court to dismiss the habeas petition because Petitioner made no effort to resolve his complaint with the Bureau of Prisons by requesting placement in a CCC. Respondent also contends that the Bureau's reliance on 28 C.F.R. §§ 570.20 and 570.21 to limit the amount of time an inmate may spend in a CCC is a valid exercise of the Bureau's authority under 18 U.S.C. § 3621. Petitioner replies that his habeas petition is not premature and that it would be futile to exhaust administrative remedies because the Bureau of Prisons has refused to deviate from its position on placement in a CCC.

The Court finds it unnecessary to decide whether exhaustion of administrative remedies would be futile or whether Petitioner's substantive claims have any merit because Petitioner has been transferred to a CCC. As the following discussion demonstrates, his claims are moot.

## II. Discussion

Article III of the United States Constitution extends judicial power to cases and controversies. *See* U.S. CONST. art. III, § 2, cl.1. "To satisfy the Article III case or controversy requirement, a litigant must have suffered some actual injury that can be redressed by a favorable judicial decision." *Iron Arrow Honor Society v. Heckler*, 464 U.S. 67, 70 (1983) (citing *Simon v. Eastern Kentucky Welfare Rights Organization,* 426 U.S. 26, 38 (1976)). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings . . . . [I]t is not enough that a dispute was very much alive when [the] suit was filed . . . . The parties must continue to have a personal stake in the outcome of the lawsuit." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990) (citations and internal quotation marks omitted).

If an event occurs that makes it impossible for a court to grant "any effectual relief whatever," the case must be dismissed, *Church of Scientology of Cal. v. United States*, 506 U.S.

2

9, 12 (1992) (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895)), because "[f]ederal courts lack jurisdiction to decide moot cases . . . ." *Iron Arrow Honor Society v. Heckler*, 464 U.S. at 70 (citing *Dfunis v. Odegaard*, 416 U.S. 312, 316 (1974)). "[A] federal court has no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" *Church of Scientology of Cal. v. United States*, 506 U.S. at 12 (quoting *Mills v. Green*, 159 U.S. at 653).

Petitioner indicates in his habeas petition that he wants to be considered for placement in a CCC. However, records maintained by the Bureau of Prisons on its official website (www.bop.gov) indicate that Petitioner currently is confined in a community corrections center in Detroit. No actual injury remains to be addressed.

Although an exception to the mootness doctrine exists "'for disputes capable of repetition, yet evading review,' [t]hat 'exception applies where "(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration; and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again."'" *Davis v. Federal Election Comm'n*, __ U.S. __, __, 128 S. Ct. 2759, 2769 (2008) (quoting *Federal Election Comm'n v. Wisconsin Right to Life, Inc.,* 551 U.S. __, __, 127 S. Ct. 2652, 2662 (2007) (quoting *Spencer v. Kemna*, 523 U.S. 1, 17 (1998)). Neither exception applies here. The challenged action was not too short to be fully litigated prior to cessation and there is no reason to believe that Petitioner will be subject to the same controversy again. He is expected to be released from custody on January 16, 2009.

**III. Conclusion**

This case has been rendered moot by Petitioner's placement in a CCC. *Marshek v.*

3

*Eichenlaub*, 266 Fed. Appx. 392, 393, 2008 WL 227333, at **1 (6th Cir. Jan. 25, 2008) (unpublished); *Brock v. United States Dep't of Justice*, 256 Fed. Appx. 748, 749, 751, 2007 WL 4163854, at **1-2 (6th Cir. Nov. 21, 2007) (unpublished). Mootness deprives the Court of its power to act because there is nothing for the Court to remedy, even if it were disposed to do so. *Spencer v. Kemna*, 523 U.S. at 18. Accordingly, the application for a writ of habeas corpus [Doc. 1, Oct. 29, 2007] is **DISMISSED** without prejudice.

                                       s/Gerald E. Rosen
                                       Gerald E. Rosen
                                       United States District Judge

Dated: August 29, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 29, 2008, by electronic and/or ordinary mail.

                                       s/LaShawn R. Saulsberry
                                       Case Manager